IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO
_____

KENNETH BORREGO,

      Plaintiff,

      v.                                                                   No. 1:15-cv-00748 WJ/KK

ANDREW CHAVEZ, PAUL LUJAN and
RALPH MEDINA, each in their individual capacity,
THE ESPAÑOLA SCHOOL BOARD OF EDUCATION,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(6)

THIS MATTER comes before the Court upon a Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) and Stay Litigation Pending a Decision on Qualified Immunity, filed by Defendants Andrew Chavez, Paul Lujan (also referred to as Pablo Lujan), Ralph Medina and the Española Public Schools Board of Education ("Defendants") on March 28, 2016 **(Doc. 15)**. Having reviewed the parties' briefs and applicable law, the Court finds that Defendants' motion is well-taken and, therefore, is granted.

### BACKGROUND

Plaintiff, who is proceeding *pro se* in this case, alleges that Defendants violated Plaintiff's First Amendment freedom of association rights under the United States Constitution and 42 U.S.C. § 1983 because his alleged contract work from Defendants was no longer available. The individual Defendants Andrew Chavez and Ralph Medina are former members of

the Española School Board of Education and Pablo Lujan is a current member of the School Board.[1]

Plaintiff's Complaint was filed on August 25, 2015 and asserts that "on or about July 27, 2012 Defendants Medina and Archuleta attempted to force Mr. Mark Chavez (Facility Manager for the School District) to "fire" Plaintiff's company, Superior Electric, from a nearly completed contract with the Espanola School District and ordered Mr. Mark Chavez never to hire Plaintiff for another job for the School District again."[2]  Compl., ¶ 3. Plaintiff states that certain Defendants attempted to force or pressure Mark Chavez to obtain jobs and contracts for their supporters, and that "[d]espite numerous threats and intimidations, Mr. Mark Chavez attempted to do his job in a lawful manner as he saw it." Compl., ¶ 2. Plaintiff alleges that his company, Superior Electric, was working on a $29,000 drainage and grading project at Carlos Vigil Middle School and Plaintiff was required to hire and submit "stamped blueprints for that job." Compl., ¶ 4. Plaintiff alleges that he submitted the stamped blueprints to the School District, but, without any "explanation" from the School District, he "was not allowed to proceed with the project and was not awarded any other jobs for" the School District. Compl., ¶ 4. According to Plaintiff's Complaint, the individual Defendants are all Democrats, Compl., ¶¶ 6-7, and Defendants' actions were motived by Plaintiff's political affiliation.  Plaintiff contends that Defendants violated his right of freedom of association under the First Amendment to the United States Constitution and 42 U.S.C. § 1983 and seeks damages for loss of income and emotional distress and seeks punitive damages against the individual Defendants. Compl., ¶¶ 10-12.

---

[1]  Plaintiff did not file a response to this motion, nor did he request an extension of time in which to do so. The Court notes that he has already been afforded considerable leeway due to his *pro se* status with regard to his failure to timely serve Defendants. *See* Docs. 4, 5 & 6.  While a certain leniency is shown pro se litigants, a plaintiff's *pro se* status does not excuse his failure to follow the fundamental rules of civil and appellate procedure.  *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994), *cert. denied*, 513 U.S. 1090 (1995).

[2] Defendant Archuleta is mentioned in the Complaint but was not named as an individual defendant.

Defendants seek dismissal of Plaintiff's claims on the following grounds: (1) Plaintiff did not allege and cannot establish that he was a public employee who held a protected public position in order to state a claim for a violation under Section 1983 and (2) Plaintiff also did not and cannot establish that his political affiliation (Democrat) was a motivating factor for his alleged loss of contract work at the School District because Plaintiff and Defendants are all Democrats. Defendants also claim they are entitled to qualified immunity because Plaintiff's constitutional right was not violated and even if so, Plaintiff's alleged right was not clearly established at the time of the alleged violation. Defendants also contend that Plaintiff's complaint is barred by the applicable three-year statute of limitations.

## DISCUSSION

The First Amendment "protects public employees from discrimination based upon their political beliefs, affiliation, or non-affiliation unless their work requires political allegiance." *Mason v. Okla. Tpk. Auth.*, 115 F.3d 1442, 1451 (10th Cir. 1997); *Jantzen v. Hawkins,* 188 F.3d 1247, 1251 (10th Cir. 1999) (accord). Political patronage dismissals based on First Amendment activities are impermissible. *Laidley v. McClain*, 914 F.2d 1386, 1394 (10th Cir. 1990) (citing *Branti v. Finkel*, 445 U.S. 507 (1980)).

In general, public employee claims for retaliation based on protected First Amendment activity are subject to a four-part test derived from *Pickering v. Board of Education*, 391 U.S. 563 (1968), and *Connick v. Myers*, 461 U.S. 138, (1983); *Gardetto v. Mason*, 100 F.3d 803, 811 (10th Cir.1996)). The *Pickering/Connick* test requires the plaintiff to establish three factors: (1) his First Amendment activity as a public employee involved a matter of public concern; (2) his interests in the protected activity outweighed the employer's interest in regulating it; and (3) the protected activity was a substantial motivating factor in the employer's decision to take adverse

action against him.  *Id*. (citing *Maestas v. Segura*, 416 F.3d 1182, 1187 (10th Cir. 2005)).[3] "If the employee establishes these three factors, he wins unless (4) the employer establishes it would have taken the same action in the absence of the protected [activity]." *Id*.  The first and second factors concern whether the expression at issue is subject to the protection of the First Amendment and therefore presents legal questions to be resolved by the Court.  *See Gardetto,* 100 F.3d 803, 811 (10th Cir. 1996).

It is not clear, however, whether the "public concern" or *Pickering* analysis applies in this case because Plaintiff is not alleging retaliation for engaging in protected speech.  The Tenth Circuit has noted that the *Pickering* analysis "may be an inapt tool of analysis" for certain situations.  *Schalk v. Gallemore*, 906 F.2d 491, 498 n. 6 (10th Cir.1990).  For example, a public school teacher fired for being married "would have a colorable freedom of association claim against her employer, but would likely not satisfy the public concern test." *Id.; see also Torres v. Pueblo Bd. Of County Com'rs,* 2000 WL 1346347, at *3 (10th Cir. 2000) (citing *Balton v. City of Milwaukee,* 133 F.3d 1036, 1039-40 (7th Cir.1998) and *Schaulk,* 906 F.2d at 498 n.6); *Saye v. St. Vrain Valley School Dist. RE-1J*, 785 F.2d 862, 867, n.1 (10th Cir. 1986)) (concession by defendants that the associational right to engage in union activity is not subject to the requirement that the matter involved be one of public concern); *McCormick v. City of Lawrence, Kansas*, 253 F.Supp.2d 1156, 1168, n.7 (D.Kan.,2003) (noting that the Tenth Circuit has observed the split among courts on this issue);[4] *but see Quinn v. Village of Elk Grove Bd. Of Fire*

---

[3]  *See Mount Healthy City Sch. Dist. v. Doyle*, 429 U.S. 274, 287 (1977) (equating "substantial" factor with "motivating" factor).

[4] The *McCormick* court did not find it necessary to decide whether to use the *Pickering* test, since it applied the test set forth in *Worrell v. Henry*, 219 F.3d 1197 (10th Cir. 2000), cert. denied, 533 U.S. 916 (2001).  The *Worrell* test is used when allegations of retaliatory conduct are directed at a defendant who is not an employer and when there is no contractual relationship between the parties.  253 F.Supp.2d at 1168.  The *Worrell* test does not apply here, since Plaintiff alleges that he lost his job because of his political association.

*and Police Com'rs,* 2002 WL 31875464, at *4 (N.D.Ill 2002) (applying *Pickering* analysis to retaliation claim arising from associational rights).

The Court need not decide here whether the *Pickering* analysis applies, since Plaintiffs' claims would fail under that analysis anyway. Plaintiff alleges that he worked for a private company that contracted with the school district. He does not allege he engaged in any protected speech, and his employment with a private contractor cannot be viewed as a matter that relates to public concern. *See Connick v. Meyers*, 461 U.S. 138, 146 (1983) (speech on a matter of public concern is speech which can "be fairly considered as relating to any matter of political, social, or other concern to the community").

Plaintiff's claims are more appropriately framed as a First Amendment claim based on political patronage or association, since Plaintiff asserts that political affiliation was somehow connected to the loss of his job. Specifically, Plaintiff asserts that Defendants Medina and Lujan forced Defendant Chavez to get jobs and contracts for their supporters, and that they forced Chavez to "fire" the company that employed Plaintiff. Compl., ¶¶2,3. An employee can establish a violation of his association rights if he demonstrates that (1) political affiliation and/or beliefs were substantial or motivating factors behind his dismissal; and (2) his position did not require political allegiance. *Jantzen*, 188 F.3d at 1251 (quotations omitted); *Bass v. Richards,* 308 F.3d 1081, 1090 (10th Cir. 2002).

I.  **Failure to State a Claim**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a court must accept all the complaint's factual allegations as true, the same is not true of legal

conclusions. *Id*. Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly,* 550 U.S. at 555. "Thus, in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

    A.    <u>Plaintiff Not a Public Employee</u>

Defendants contend that Plaintiff did not allege and cannot establish that he was a public employee who held a protected public position in order to state a claim for a violation under §1983. Plaintiff does not allege and cannot show that there was an employer/employee relationship between Plaintiff and Defendants. He alleges that he worked for Superior Electric, and not for any of the individual Defendants who were either supervisors or employees of the Española Public School system. Therefore, even assuming that Plaintiff actually temporarily engaged in a contract project with Defendants (which Defendants deny, *see* Doc. 15 at 8), his alleged contract did not confer upon him a constitutionally protected public position or make his activities protected activities. *Cmp., e.g., Laidley v. McClain*, 914 F.2d 1386, 1394 (10th Cir. 1990) (employee at District Attorneys' Office); *Jantzen,* 188 F.3d at 1250 (employee at Sheriff's office); *Dickeson v. Quarbeg*, 844 F.2d 1435, 1437 (10th Cir. 1988) (head jailer); *Gann v. Cline,* 519 F.3d 1090, 1090-92 (10th Cir. 2008) (employee at County Commissioner).

Plaintiff's failure to meet the threshold requirement of public employment is sufficient to warrant dismissal of his First Amendment claims.

    B.    <u>Political Association</u>

In addition to alleging and showing that he is a public employee, Plaintiff must also allege and eventually establish that his political affiliation was a motivating factor for his alleged

loss of contract work at the school district.  The Complaint does not allege that Defendant Medina and Archuleta (who is not a named Defendant) intended to discriminate against Plaintiff on the basis of political association.  Rather, Plaintiff claims that Medina and Archuleta attempted to force *another* individual (Mark Chavez) to eliminate Plaintiff's temporary project for some unknown and unexplained reason.  Compl., ¶3.[5]  Plaintiff has no standing to assert claims based on Defendants' conduct toward this other individuals.  *See Dohaish v. Tooley*, 670 F.2d 934, 936 (10th Cir. 1982) (§1983 claim must be based upon the violation of plaintiff's personal rights, and not the rights of someone else).

Plaintiff alleges that Defendants' actions were motivated "by the perception that he was either associated politically with Defendants or opposed Defendants politically."  *See* Compl., ¶10.  However, Plaintiff's allegation that he was discriminated against because of his political affiliation makes no sense because as alleged in the Complaint, Plaintiff, as well as all the individual Defendants named in the Complaint, are Democrats.  No other political affiliation or belief is described in the Complaint.  In addition, Plaintiff does not and cannot fairly allege that his position required political allegiance, which is the second factor of a political association claim.  *See Mason v. Okla. Tpk. Auth.*, 115 F.3d at 1451 (plaintiff alleging violation of right of political association must show that he suffered discrimination because of political beliefs, affiliation, or non-affiliation unless work requires political allegiance).

---

[5] Mark Chavez is a third party in this action who, according to the Complaint, has filed a complaint in federal district court against the school board and other defendants who are named in this case.  The Court takes judicial notice of the complaint in that case, *Chavez v. Chavez et al.*, Civil No. 13-1047 JAP-SCY which alleges a First Amendment violation based on political patronage.  In *Chavez,* Mark Chavez asserts that defendants engaged in a longstanding pattern and practice of providing or withholding jobs and contracts to reward political supporters and punish those who were not; that defendants repeatedly at tempted to force Plaintiff to gets jobs and contracts for their supporters; and that they retaliated against him when he refused to intervene to terminate contracts with defendants' political opponents.  The *Chavez* case does not offer any insight or support in the instant case, since Mark Chavez was a public employee who alleged he was retaliated against and directly affected by defendants because he refused to terminate jobs and contracts held by those who were not political supporters. The Court agrees with Defendants' statement that Plaintiff is "only copying Mark Chavez' Complaint against Defendants" and is using a "throw spaghetti on the wall to see what sticks" theory.  Doc. 15 at 14.  None of the spaghetti is sticking. Plaintiff is clearly not in the same position as Mark Chavez, nor can he allege similar claims.

In *Jantzen v. Hawkins,* the plaintiff was fired because he was a candidate for sheriff against his own boss.  The Tenth circuit affirmed summary judgment for defendants, finding that plaintiff's termination was not based on plaintiff's political affiliations.  188 F.3d at 1252 ("The right to political affiliation does not encompass the mere right to affiliate with oneself. . . ."). 188 F.3d at 1251.  Likewise, here Plaintiff makes no allegation that he was targeted in any way because of his Democratic Party affiliation or his association with a prior administration, nor is there any allegation that employment was conditioned on a party affiliation or political belief. *Cmp*. *Elrod v. Burns,* 427 U.S. 347 (1976 (plaintiffs stated a valid claim for deprivation of constitutional rights based on their support of a political party); *Gann v. Cline,* 519 F.3d 1090, 1095 (10th Cir. 2008 (noting United States Supreme Court cases reaffirming that "that conditioning hiring decisions on political belief and association plainly constitutes an unconstitutional condition, unless the government has a vital interest in doing so") (citing *Elrod v. Burns,* 427 U.S. 347 (1976) and *Branti v. Finkel*, 445 U.S. 507 (1980)).

The Court affords Plaintiff's complaint a liberal construction because of Plaintiff's *pro se* status.  *See Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).  However, the Court is not required to act as Plaintiff's advocate.  *See Weinbaum v. City of Las Cruces,* 541 F.3d 1017, 1029 (10th Cir.2008).    Even with a generous construction of the Complaint, Plaintiff does not allege a First Amendment claim based on freedom of association or political patronage under the *Iqbal/Twombly* standard sufficient to withstand a motion to dismiss under Rule 12(b)(6). Plaintiff is not a public employee entitled to First Amendment protections; and he does not reasonably allege that he was targeted on the basis of his party affiliation or that his work was no longer available or awarded to him because he did not support the Democratic Party, or any other

political activity or ideology. Accordingly, Defendants are entitled to dismissal of Plaintiff's claims.

## II. Qualified Immunity

Defendants also claim they are entitled to qualified immunity because Plaintiff's constitutional right was not violated and even if so, Plaintiff's alleged right was not clearly established at the time of the alleged violation. Qualified immunity shields government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Once a defendant pleads qualified immunity, the burden shifts to the plaintiff to show both that the defendant's alleged conduct violated the law and that that law was clearly established when the alleged violation occurred. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). A right is clearly established "if [t]he contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id*.

The Court applies the same standard in evaluating the merits of a motion to dismiss in qualified immunity cases as to dismissal motions generally: a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly,* 550 U.S. at 570). In light of the Court's finding in the foregoing discussion that Plaintiff has failed to allege a First Amendment political patronage or freedom of association claim under *Iqbal/Twombly,* it is not necessary to determine whether the law was clearly established at the time of the underlying events, and Defendants are entitled to qualified immunity based on Plaintiff's failure to allege a constitutional claim.[6]

---

[6] In *Pearson*, the United States Supreme Court held that the district court may use its discretion in deciding which of the two prongs should be addressed first in the qualified immunity analysis. 555 U.S. at 226.

Defendants also request of stay of discovery of litigation pending the Court's ruling on qualified immunity. Ideally, this request should have been made separately and prior to, the motion to dismiss. *See,* Admin. Order 92-88 (ordering submission of separate pleading "for each matter upon which adjudication or a ruling of the Court is sought); *see also Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992); *Dyer v. Rabon*, 212 F. App'x 714, 716 (10th Cir. 2006) (district court's postponement of or failure to rule on a qualified immunity defense is immediately appealable). The Court need not consider Defendants' request for a stay since the request is rendered moot by the Court's disposition of Plaintiff's claims.

### III.  Punitive Damages

Plaintiff asserts a claim for punitive damages against the individual Defendants in their individual capacities only. Defendants are entitled to dismissal of this claim, based on the Court's ruling that Plaintiff's underlying claims are dismissed.

### IV.  Statute of Limitations

Defendants also contend that Plaintiff's claims are time-barred under the statute of limitations. "Although a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'" *Lymon v. Aramark Corp.*, 728 F. Supp. 2d 1207, 1215-16 (D.N.M. 2010) *aff'd*, 499 F. App'x 771 (10th Cir. 2012); *see also Lee v. Rocky Mountain UFCW Unions & Employers Trust Pension Plan*, No. 92–1308, 1993 WL 482951, at *1 (10th Cir. Nov. 23, 1993) ("Because the critical dates appeared plainly on the face of [plaintiff's] complaint, we conclude that the statute of limitations defense was properly raised and resolved in the Rule 12(b) context.").

A § 1983 claim arising in New Mexico is subject to a three-year statute of limitations. *Lymon*, 728 F. Supp. at 1216 (citing NMSA 1978, § 37–1–8); *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008) ("The statute of limitations is drawn from the personal-injury statute of the state in which the federal district court sits."); *Jackson v. Bloomfield*, 731 F.2d 652, 654 (10th Cir. 1984) ("We will henceforth apply the New Mexico three-year statute for an injury to the person to all section 1983 actions arising in that state, even though such actions may also be analogized to other limitations statutes.").

In his Complaint, Plaintiff states that the alleged cause of action occurred on or about July 27, 2012, which means that at the latest, his claims against Defendants were barred as of July 27, 2015.  Plaintiff filed the instant complaint on August 25, 2015, which is one month after the applicable limitations period expired.  The Complaint does not allege any facts which could be construed as grounds for equitable tolling.  Therefore, Defendants are entitled to dismissal of Plaintiff's claims as barred by the applicable statute of limitations.

## CONCLUSION

In sum, the Court finds and concludes that Plaintiff has failed to allege a First Amendment claim based on freedom of association or political patronage under the *Iqbal/Twombly* standard sufficiently to withstand a motion to dismiss under Rule 12(b)(6).  Plaintiff is not, and does not allege that he is, a public employee entitled to First Amendment protection.  He does not reasonably allege that he was targeted on the basis of his party affiliation, or that his work was no longer available or awarded to him because he did not support the Democratic Party or any other political activity or ideology. Defendants are therefore entitled to dismissal of Plaintiff's claims.

The Court's conclusion that Plaintiff has failed to allege a constitutional claim also entitles Defendant to dismissal based on qualified immunity. This ruling eliminates the need for the Court to enter a stay in this case.

The dismissal of Plaintiff's claims also eliminates any claim for punitive damages.

Finally, Defendants would be entitled to dismissal of Plaintiff's claims based on the running of the applicable statute of limitations.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) and Stay Litigation Pending a Decision on Qualified Immunity **(Doc. 15)** is hereby GRANTED for reasons described in this Memorandum Opinion and Order.

A Rule 58 Judgment shall issue separately.

_____
UNITED STATES DISTRICT JUDGE